# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2021

Lyle W. Cayce
Clerk

No. 20-61143
Summary Calendar

Maria Guadalupe Ramirez-De Martinez; Erson Alonso Martinez; Andres Alonzo Martinez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 418 068
BIA No. A209 418 069
BIA No. A209 427 284

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Maria Ramirez-De Martinez, Andreas Alonzo Martinez, and Erson Alonzo Martinez Ramirez, natives and citizens of El Salvador, petition for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61143

review of an order by the Board of Immigration Appeals (BIA) dismissing their appeal from the denial of their applications for asylum and withholding of removal.

We review only the BIA's decision and do not review the immigration judge's (IJ) decision unless it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

The petitioners argue that the BIA erred in affirming the IJ's determination that they were not entitled to asylum or withholding of removal because they failed to demonstrate that they were subjected to past persecution or that they faced a clear probability of future persecution on account of a protected ground. *See Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019) (withholding); *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (asylum). Specifically, the IJ found that the petitioners' proposed social groups were not cognizable because they were not socially distinct and did not exist independently of the harm asserted. To be cognizable, a proposed particular social group must "exist independently of the harm asserted." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 230 (5th Cir. 2019) (internal quotation marks and citation omitted). The proposed particular social groups of "head of household whose family has been victims of threats of violence," "women who are victims of violence or threats of violence," and "young boys whose parents have been the victims of the threat of violence" are not cognizable because they are defined by the threat of violence. *See Gonzales-Veliz*, 938 F.3d at 230. Accordingly, the petitioners did not satisfy the requirements for asylum and withholding of removal. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

PETITION DENIED.